51 E. 34th St. LLC v 34 Green Olive Deli Corp. (2025 NY Slip Op 51809(U))

[*1]

51 E. 34th St. LLC v 34 Green Olive Deli Corp.

2025 NY Slip Op 51809(U)

Decided on November 18, 2025

Civil Court Of The City Of New York, New York County

Zellan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 18, 2025
Civil Court of the City of New York, New York County

51 East 34th Street LLC, Petitioner(s)

against
34 Green Olive Deli Corp.; "ABC Corp.", Respondent(s)

LT-303808-24/NY

Rose & Rose (William Chuang, of counsel) of New York, NY, for petitioner
Law Office of Marc Scolnick (Marc Scolnick, of counsel) of Kew Gardens, NY, for respondent 34 Green Olive Deli Corp.
No appearance for respondent ABC Corp.
Office of the District Attorney of New York County (Raymond Castello, of counsel), for non-party Manhattan District Attorney's Office 
Office of the Deputy Commissioner, Legal Matters (Robert Giancola, of counsel) for non-party New York City Police Department

Jeffrey S. Zellan, J.

Petitioner, by letter motion dated November 14, 2025 and filed as NYSCEF Doc. No. 74 seeks a protective order permitting an undercover police officer (identified in this proceeding as UC #401) to testify from a remote location, in a disguise, to a closed courtroom. In the manner and for the reasons set forth below, the Court grants petitioner's application part to the extent of permitting the officer to testify identified by their assigned undercover number, in a disguise from the remote location, and denying that portion of petitioner's application seeking an order closing the courtroom during the officer's testimony.[FN1]

Although more frequently considered in the context of criminal prosecutions, the Court recognizes the interplay between criminal and civil (both by the government and private actors supporting compliance with local building safety and related laws and regulations) enforcement proceedings, and is informed by the considerations of undercover officers testifying in landlord-tenant proceedings concerning alleged illegal occupancy and activity. The parties do not dispute that the police officer at issue whose testimony is anticipated in this proceeding is an active undercover police officer, whose law enforcement duties necessitate the protection of their identity. The public's interest in officer "safety and to preserve their ability to participate in future undercover investigations" is a compelling reason for protective measures. See, e.g., United States v. Russell, 738 F. Supp. 3d 659, 662 (D. Md. 2024). However, "[i]t has, of course, long been the law in this State that all judicial proceedings, both civil and criminal, are presumptively open to the public." Hearst Corp. v. Clyne, 50 NY2d 707, 715 (1980). That right is a public right not merely held privately by the litigants themselves. See, Matter of James Q., 32 NY3d 671, 680 (2019). In considering an application to close a courtroom, "the party seeking to close the proceedings must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure." People v. Reid, 40 NY3d 198, 203 (2023). "There should [be] a factual showing that an exception to the norm of a public trial was justified," but undercover work is not itself, unadorned, a basis to close a courtroom. People v. Martinez, 82 NY2d 436, 442 (1993).
Here, the Court finds that the record supports permitting the officer to testify in a disguise from a remote location and identified by their undercover number, but that such remote and disguised testimony is itself a reasonable alternative to closing the proceeding following Reid. As the contemplated trial is a bench rather than jury trial, the Court assumes that it will be capable of fully assessing the witness' credibility through a disguise and remotely. However, "we encourage accountability through public legal proceedings and the truthful reporting of whatever transpires in open court," in New York, and the Court may not lightly close the Courtroom doors to the public, even for the laudable goal of officer safety. Gannett v. De Pasquale, 43 NY2d 370, 378 (1977). On that basis, the Court will strike a balance here.
Accordingly, it is
ORDERED that petitioner's letter motion for a protective order is GRANTED IN PART and DENIED IN PART; and it is further
ORDERED that the officer identified in papers in this proceeding as UC #401 shall be permitted to testify at trial in this proceeding identifying themselves as UC #401 rather than their legal name; and it is further
ORDERED that UC #401 be permitted to testify in this proceeding virtually from a private remote location; and it Is further
ORDERED that UC #401 be permitted to testify in this proceeding wearing a disguise, and it is further
ORDERED that the branch of petitioner's motion for leave for UC #401 remotely is denied; and it is further
ORDERED that this proceeding remains as previously scheduled for trial on November 19, 2025, at 2:15pm.
Date: November 18, 2025
Hon. Jeffrey S. Zellan, J.C.C.

Footnotes

Footnote 1:By separate order dated November 17, 2025, the Court granted similar relief concerning the proposed testimony of an undercover investigator of the District Attorney of New York County which did not seek a closed courtroom.